## MEYER *vs.* LENT.

Under the code, on a question of fact arising upon motion or otherwise, the court may appoint a referee, and invest him with all the powers necessary for its investigation; or, the trial may be had, with the like powers, and be conducted in the same manner, by the court.

And the court may, upon a motion, make an order directing the parties to attend before it, with any witnesses they may wish to produce, and be examined on oath.

Thus where a party has made an affidavit in his own favor, upon a motion, he may be compelled to attend before the court to explain, or be cross-examined; and on his refusal to answer any questions, the court may strike out his testimony.

THE plaintiff in this case had recovered a judgment against the defendant for $8000 and upwards, which he was seeking to enforce by execution and proceedings supplementary thereto; although he had received payment in full of a mortgage alleged to have been held as collateral to the same demand. On the part of the defendant, a motion was accordingly made at special term, to cancel the judgment; which the plaintiff resisted on his

own affidavit. Being in doubt, on the affidavits of the parties, as to the true state of the case, the court made an order directing the parties to attend, with any witnesses they might see fit to produce, and give further explanations under oath. On the day assigned the plaintiff attended, but refused to make any further statement, or to answer any questions. Considering this refusal as a virtual admission, the court made a special order reciting what had occurred, and directing satisfaction to be entered on the judgment record. From that order the plaintiff appealed; insisting that the court on motion had no power to compel the party to attend and be examined.

*A. Hilton*, for the plaintiff.

*E. Sandford*, for the defendant.

*By the Court*, ROOSEVELT, J. Where a judgment has been paid, if the plaintiff notwithstanding refused to acknowledge satisfaction, the remedy, at common law, originally was by the formal writ of *audita querela*. To save expense and delay, the court, long since, introduced the practice of granting the same relief on affidavit and motion. (2 *John.* 294. 16 *Id.* 4. 15 *Id.* 395. 1 *Cowen*, 208.) If the affidavits were conflicting a feigned issue was sometimes ordered, to be tried by a jury. This, however— the application being one addressed to the equity power of the court—was merely discretionary. And now by the code, § 271, subdivision 3, it is provided " that where a question of fact, other than upon the pleadings, shall arise *upon a motion or otherwise*, in any stage ef the action, where the parties do not consent, (and of course where they do,) the court may, upon the application of either, or of its own motion, except where the investigation will require the decision of difficult questions of law, direct a reference." And it is declared in the next section, that " the trial by referees is conducted in the same manner as a trial by the court." On a question of fact, therefore, arising after judgment, it is obvious the court may appoint a referee and invest him with all the powers necessary for its investigation; or a trial may—

and where difficult questions of law in connection with the question of fact are involved must—be had with the like powers, and be conducted in the same manner, by the court.

What then is the "manner of trial"?    On motions, each party on his own behalf makes his own statement, usually in writing, and sworn to either in court or out of court; and such statement is evidence in his favor.    And where in principle is the difference between a written statement and an oral statement?    In either case it is taken down, as the form shows, (or is presumed to be taken down) by the court; or by a clerk or commissioner of the court.    When oral, he is subjected to cross-examination; and why, if necessary, should he not be equally so, when written? No man offering his own statement, whether sworn or unsworn, in his own favor, should be permitted to stand on his dignity and refuse to be cross-examined.    The commonest dictates of justice seem to require that if he will not tell the *whole truth,* he should not be permitted, in his own favor, to tell any part.    This is the rule applicable to witnesses who are not parties; and why should it not, *a fortiori,* be applied to those who are?    Again; if the court, as is indisputable, have power to try the question without a referee and without a jury, must they not, in the absence of positive regulation, have power so to conduct the trial as shall be most consonant with justice and the practice in analogous cases?    If then they allow, as they may, the *party* to testify in his own favor, may they not compel him to attend to explain or be cross-examined, and, on his refusal to do so, strike out his testimony?    It seems to me, invested especially as this court now is, with all the functions of the late chancellor, they undoubtedly have the power; and that it may often be exercised with great advantage to suitors and to the administration of justice.

Our conclusion is that the order appealed from should be affirmed with costs.

[NEW-YORK GENERAL TERM, December 5, 1853.  *Edwards, Mitchell, Roosevelt* and *Morris,* Justices.]